IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| THERESA LIVINGSTON, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 14 C 9403 |
| v. | ) | Judge Jorge L. Alonso |
| JOHN G. STUMPF and JOHN SHREWSBERRY, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff sues defendants for their alleged failure to respond to a qualified written request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA").[1] (Compl. ¶ 10; *see* 12 U.S.C. § 2605(e)(1)(B), (2) (requiring a mortgage loan servicer to respond to a QWR, *i.e.*, correspondence from the borrower that states why the borrower believes the account "is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."). As plaintiff admits, however, both defendants live in California. (*See* Pl.'s Combined Rule 12 Mot. Strike Defs.' Mot. Dismiss at 2.) Thus, the Court can exercise personal jurisdiction over them only if they have sufficient "minimum contacts" with this state "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted)). If a defendant has "continuous and systematic general business contacts with

---

[1] Though plaintiff also invokes 42 U.S.C. §§ 1983 and 1985, she makes no allegations that suggest defendants can be construed as state actors as required by § 1983, *see id.*, or engaged in a conspiracy with "class-based invidiously discriminatory animus," as required by § 1985(3), *Munson v. Friske*, 754 F.2d 683, 695 (7th Cir. 1985) (quotation omitted). Thus, the Court construes her complaint as asserting only a RESPA claim.

the forum," he is subject to that forum's general jurisdiction and can be sued there for any cause of action. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quotation omitted). If a defendant's purposeful contacts with the forum are more limited, he is subject to its specific jurisdiction and can be sued there only if the suit arises out of those specific contacts. *Id.* "[P]laintiff . . . has the burden of demonstrating the existence of personal jurisdiction." *Id.* at 1276.

Plaintiff asserts that the Court has personal jurisdiction over defendants because they are "Directors of Wells Fargo Bank . . . a general business operating within the State of Illinois." (Pl.'s Combined Rule 12 Mot. Strike Defs.' Mot. Dismiss at 2.) However, a business's contacts with the state cannot be attributed to its officers and directors. *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569-70 (7th Cir. 1986); *see Egan v. Huntington Copper, LLC*, No. 12 C 9034, 2014 WL 585316, at *2 (N.D. Ill. Feb. 14, 2014) (citing *Young* and stating that "a business's contacts cannot be attributed to individual officers or directors for purposes of determining whether personal jurisdiction lies over the individuals."). Because plaintiff has not offered any other basis for the exercise of jurisdiction over defendants, the Court grants defendants' motion to dismiss for lack of personal jurisdiction [17]. This case is terminated.

**SO ORDERED.**                                     **ENTERED:   March 27, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**